## UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WILLIAM WUCO,<br><br>Plaintiff,<br><br>v.<br><br>CA. DEPT. OF CORRECTIONS, et al.,<br><br>Defendants. | Case No. 1:22-cv-00917-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 12) |

Plaintiff David William Wuco is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed October 17, 2022.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

1

1    A complaint must contain "a short and plain statement of the claim showing that the
2 pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
3 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
4 conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
5 Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate
6 that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v.
7 Williams, 297 F.3d 930, 934 (9th Cir. 2002).

8    Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings
9 liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d
10 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be
11 facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer
12 that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss
13 v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant
14 has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's
15 liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572
16 F.3d at 969.

17                                                            **II.**
18                                              **COMPLAINT ALLEGATIONS**

19    The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of
20 the *sua sponte* screening requirement under 28 U.S.C. § 1915.

21    Plaintiff names the warden, assistant warden, captain, two lieutenants, two sergeant, and
22 two officers at California Substance Abuse Treatment Facility and State Prison as J. Doe
23 Defendants.

24    Warden knew that he buildings on E Yard were in a state of failure and that there were
25 multiple leaks in the ceilings.  Warden, captain, and sergeant failed to instruct the floor officers
26 to post we floor signs and fix the leak in building 3 on E yards.  Instead, floor officers put a trash
27 can to contain the leaking water, but no warning sign.

28 ///

# III.

# DISCUSSION

## A.    Deliberate Indifference to Plaintiff's Safety

The Eighth Amendment's prohibition against cruel and unusual punishment protects convicted prisoners. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th 2006) (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to her health or safety. Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). A deliberate indifference claim has both a subjective and an objective element. Helling v. McKinney, 509 U.S. 25, 35 (1993); Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014)); Lopez v. Smith, 203 F.3d 1122, 1133 (9th Cir. 2000); Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 83; Frost, 152 F.3d at 1128.

To meet the objective element of the deliberate indifference standard, a plaintiff must demonstrate the existence of a serious risk to his health or safety. Helling, 509 U.S. at 35; Colwell, 763 F.3d at 1066. A prison official is deliberately indifferent under the subjective element of the test only if the official "knows of and disregards an excessive risk to inmate health and safety." Colwell, 763 F.3d at 1066. The subjective component requires the plaintiff to show that the official knew of and disregarded the substantial risk of harm. Clement v.

Gomez, 298 F.3d 898, 904 (9th Cir. 2002.)  Deliberate indifference requires more than just a lack of due care, the prison official must be both aware of the facts from which an inference can be drawn that the substantial risk of serious harm exists and he must also draw the inference. Colwell, 763 F.3d at 1066.  The subjective element focuses on the defendant's state of mind. Toguchi, 391 F.3d at 1057.  ere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

In the Ninth Circuit, a slip-and-fall claim is not cognizable unless there are exacerbating conditions. As a court in this district stated in Coleman v. Frauenheim:

> Under the Eighth Amendment, "slippery prison floors...do not state even an arguable claim for cruel and unusual punishment." LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993 (quotation omitted). Indeed, federal courts have repeatedly rejected Eighth Amendment slip and fall claims. See Oubichon v. Carey, 2017 WL 2162940, at *8 (E.D. Cal. May 17, 2017) (citing Coleman v. Sweetin, 745 F.3d 756, 764 & n.7 (5th Cir. 2014) (collecting cases); Pyles v. Fahim, 771 F.3d 403, 410 & n.25 (7th Cir. 2014) (collecting cases) ("Federal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement")); see also Collier v. Garcia, 2018 WL 659014, at *2 (N.D. Cal. Jan. 31, 2018) (dismissing § 1983 claim alleging prisoner slipped and fell in his cell in a puddle of water from a leaking chase); Aaronian v. Fresno Cty. Jail, 2010 WL 5232969, at *2–*3 (E.D. Cal. 2010) (dismissing § 1983 claim that plumbing leak caused puddle, resulting in plaintiff's slip and fall, as not cognizable); Gilman v. Woodford, 2006 WL 1049739 (E.D. Cal. April 20, 2006) (granting qualified immunity to defendants when prisoner slipped and fell in puddle of water resulting from leaky roof known to defendants), aff'd by 2008 WL 686740 (9th Cir. March 12, 2008) (unpublished memorandum disposition). Therefore, in order state a cognizable claim for relief, there must be a confluence of exacerbating conditions such that the slippery floor posed a serious, unavoidable threat to plaintiff's safety. See Frost v. Agnos, 152 F.3d at 1129 ("[s]lippery floors without protective measures could create a sufficient danger to warrant relief" when an inmate alleges facts that exacerbate the danger resulting from such conditions; inmate using crutches had repeatedly fallen and injured himself on slippery shower floors); Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996) (finding prisoner failed to plead any exacerbating conditions which rendered him unable to provide for his own safety).
>
> Plaintiff's allegations that he sustained an injury from a slip and fall demonstrate negligence at most. Plaintiff has not pled any conditions that rendered him unable to provide for his own safety, preventing him from avoiding puddles or rendering him unable to perceive the slippery conditions. Osolinski, 92 F.3d at 938; Mancinas v. Brown, 2018 WL 1109673, at *2 (E.D. Cal. Mar. 1, 2018) (dismissing prisoner's § 1983 claim that known, ongoing leak caused puddle, resulting in slip and fall).

Coleman v. Frauenheim, No. 1:17-cv-01276-DAD-BAM (PC), 2018 WL 2463855, at *3 (E.D. Cal. June 1, 2018 (alternations in original).

Plaintiff has not alleged exacerbating conditions and his allegations demonstrate nothing more than mere negligence. Therefore, Plaintiff has not stated a claim that his constitutional rights were violated with respect to the leaky ceiling.

### B.     Further Leave to Amend

Given Plaintiff's failure to allege additional facts and cure the identified deficiencies, the Court finds further leave to amend the claim would be futile. See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009); see also Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where the plaintiff failed to correct deficiencies in complaint after the court had afforded opportunities to do so and had discussed with plaintiff the substantive problems with his claims). Plaintiff's amended complaint contains the same allegations of the original complaint. Plaintiff's allegations while unfortunate, only present a single minor safety hazard that does not violate the Eighth Amendment. Plaintiff fails to describe a condition that exacerbated the inherent dangerousness of an already existing hazard that prevented him from providing for his own safety. See Osolinski, 92 F.3d at 938.  Accordingly, Plaintiff may wish to present this claim in state court, but there is no cognizable constitutional violation in this instance. Accordingly, the Court recommends the first amended complaint be dismissed without further leave to amend.

## IV.

### ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed, without further leave to amend, for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14)**

**days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **October 19, 2022**

UNITED STATES MAGISTRATE JUDGE